# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

MSP CORPORATION,

            Plaintiff,

vs.

WESTECH INSTRUMENTS, INC.,
WESTECH INSTRUMENT SERVICES,
LTD., and WESTECH INSTRUMENT
HOLDINGS, PLC,

            Defendants.

Civil No. 07-CV-2301-MJD/SRN

**PLAINTIFF'S OBJECTIONS TO DECLARATION OF MIKE SMURTHWAITE**

Plaintiff MSP Corporation objects to the Declaration of Mike Smurthwaite as follows:

| | **DECLARATION** | **OBJECTION** |
|---|---|---|
| 4. | I have been involved with the manufacture and sale of impaction devices for over 25 years. I have been involved with the manufacture and sale of pharmaceutical impactors, which are used to measure the dosages of medications from inhaler devices, since 1990. Prior to Westech, I worked for Graseby Andersen Ltd, a subsidiary of Graseby Plc, and was responsible for the manufacture of the Andersen Cascade Impactor ("ACI") on a worldwide basis from 1993 to 1998. I have extensive knowledge of the design, use and manufacture of impactors, having spent 6 years in instrument research and development at the British Scientific Instrument Research Association, developed two advanced versions of the ACI, published numerous articles on particle sampling and the use and design of the ACI, and served on standard-setting committees for impactors. I am currently a member of | Plaintiff objects to ¶ 4 on the grounds that it is speculation and that Mr. Smurthwaite lacks personal knowledge of the composition of and the role the Consortium played in the development of the MSP NGI device. Fed. R. Ev. 602. |

| | | |
|---|---|---|
| | the Inhalation Ad Hoc Advisory Committee of the United States Pharmacopoeia and the Impactor Sub Team of the European Pharmaceutical Aerosol Group ("EPAG"), a group of major pharmaceutical companies that is similar in composition to the group known as the Next Generation Impactor Consortium ("NGI Consortium") that was responsible for developing the Next Generation Impactor ("NGI"). | |
| 6. | Impactors are used by pharmaceutical companies to test inhaler devices and to gather data related to their efficacy. The data is often submitted to government regulatory agencies, such as the United States Food & Drug Administration, in support of an application to approve a proposed drug. Impactors are advanced pieces of equipment, and they are typically purchased and used by well-educated people working at sophisticated companies. The target market for pharmaceutical impactors is made up of pharmaceutical companies who manufacture and sell brand name and generic drugs, including the largest pharmaceutical companies in the world, such as GlaxoSmithKline, Sanofi-Aventis, AstraZeneca and Pfizer Ltd. | Plaintiff objects to ¶ 6 on the grounds that it is speculation and that Mr. Smurthwaite lacks personal knowledge of typical purchasers and users of pharmaceutical impactors. Fed. R. Ev. 602. |
| 7. | There are several types of impactors used in the pharmaceutical industry. The NGI is the newest type and is said to provide greater consistency in results when compared to older models. The other types of impactors include the Andersen Cascade Impactor, referred to in the industry as the ACI, the Marple-Miller Impactor, referred to in the industry as the MMI, and the Multi-Stage Liquid Impinger, referred to in the industry as the MSLI. Several manufacturers, including Westech, make and sell their own versions of some or all of these types of impactors. The pharmaceutical industry is aware of the practice in which multiple companies make and sell the same type of impactor. For example, Westech and Copley Scientific ("Copley") both make and sell an ACI in the same design (which design is specified in the United States | Plaintiff objects to ¶ 7 on the grounds that it is speculation and Mr. Smurthwaite lacks personal knowledge of the awareness of the pharmaceutical industry and confusion in the marketplace as to the source of the Anderson Cascade Impactor. Fed. R. Ev. 602.<br>Plaintiff objects to ¶ 7 because the manufacture and sale of the Anderson Cascade Impactor is irrelevant. Fed. R. Ev. 401.<br>Plaintiff objects to ¶ 7 as hearsay. Fed. R. Ev. 801. |

| | | |
|---|---|---|
| | Pharmacopoeia ("USP") and the European Pharmacopoeia ("EP")), and there is no confusion in the marketplace as to the sources of these ACIs. *Compare* Exhibit A (Westech marketing material) with Exhibit B (Copley marketing material), both attached hereto. | |
| 8. | The weight of an impactor is an important feature to some customers. In fact, Westech was the first to offer its customers a choice between aluminum, stainless steel and titanium as the material used to make its ACI. *See* Exhibit A. The significant difference between stainless steel and titanium is weight, and some customers are willing to pay the additional expense for titanium in order to have a lighter device. Another manufacturer of impactors, Copley, similarly touts the weight savings of a titanium ACI, claiming "a 40% reduction in weight" when it is made with titanium instead of stainless steel. *See* Exhibit B. | Plaintiff objects to ¶ 8 on the grounds that it is speculation and that Mr. Smurthwaite lacks personal knowledge of the importance of weight to customers. Fed. R. Ev. 602.<br><br>Plaintiff objects to ¶ 8 because the weight of the Anderson Cascade Impactor is irrelevant. Fed. R. Ev. 401. |
| 9. | In 2006, Westech decided that it wanted to expand its product offerings to include an NGI. At that time, I was aware that MSP Corporation ("MSP") was obligated under its agreement with the NGI Consortium to license capable third-parties to manufacturer and sell NGIs. Daryl Roberts, MSP's Vice President, confirmed MSP's licensing obligation in a letter to Keith Truman of GlaxoSmithKline dated January 26, 2004. A copy of this letter is attached hereto as Exhibit C. | Plaintiff objects to ¶ 9 on the grounds that it is speculation and that Mr. Smurthwaite lacks personal knowledge of MSP's obligations under its agreement with the Consortium and the substance of the discussions between Mr. Roberts and Keith Truman. Fed. R. Ev. 602. |
| 11. | On January 24, 2007, I along with another Westech representative, met with Mr. Roberts, Virgil Marple, and Ben Liu of MSP, and we discussed Westech becoming a licensed manufacturer of NGIs. | Plaintiff objects to ¶ 11 as hearsay. Fed. R. Ev. 801. |
| 12. | I followed up that meeting with a letter to Mr. Roberts dated February 5, 2007, in which I summarized Westech's understanding of what had been discussed and agreed. *See* MSP Exhibit 11. As the letter states, I confirmed, among other things, that MSP had no objection to Westech displaying a prototype of its NGI | Plaintiff objects to ¶ 12 on the grounds that it is speculation and that Mr. Smurthwaite lacks personal knowledge as to MSP's state of mind with respect to Westech's display of its prototype impactor at RDD Europe. Fed. R. Ev. 602. |

|     |     |     |
| --- | --- | --- |
|     | at the upcoming tradeshow in Paris, France called RDD Europe, held in April 2007. |     |
| 15. | This time, Mr. Roberts's response was much more consistent with MSP's obligation to license capable third parties to manufacture NGIs, as he acknowledged that my statements were "straightforward enough" and said he would get back to me. *See* Exhibit G attached hereto. | Plaintiff objects to ¶ 15 on the grounds that it is speculation and that Mr. Smurthwaite lacks personal knowledge of MSP's obligations to the Consortium and Mr. Roberts' understanding of Mr. Smurthwaite's letter dated February 13, 2007.  Fed. R. Ev. 602. |
| 16. | With the support of Pfizer Global R&D Ltd. ("Pfizer"), one of the original members of the NGI Consortium, Westech created its own NGI. Westech's design of its NGI was, in substantial part, modeled off the NGI specifications that were approved by the NGI Consortium and disclosed in the EP. In particular, the dimensions of the preseparator, the nozzle diameters of the jet stages, the micro-orifice collector, the cup depth, the collection cup surface roughness and the nozzle to seal body distances are precisely specified by the EP and USP, and Westech conformed to those specifications. Hence, the NGI manufactured by Westech is an authentic and validated NGI because its specifications are consistent with what is required of NGIs by the EP and USP. (The EP and USP are the official texts containing the standards for all prescription and over-the-counter medicines, dietary supplements, and other healthcare products and devices manufactured and sold in Europe and the United States, respectively. Each text includes the NGI specifications, as approved by the NGI Consortium.) Westech also matched the shape of the housing to the shape of the jet stages and the interstage flow channels in part to save weight | Plaintiff objects to ¶ 16 on the grounds that it is speculation and that Mr. Smurthwaite lacks personal knowledge of the role the Consortium played in development of the MSP NGI device.  Fed. R. Ev. 602. |
| 17. | In April 2007, Westech participated in RDD Europe in Paris and displayed a prototype of its NGI that is intended to compete with MSP's NGI. The pharmaceutical industry is well aware that MSP and Westech are competitors and understood that Westech's NGI is to be a competing product. MSP's European distributor (Copley) attended RDD Europe but did not raise any objection | Plaintiff objects to ¶ 17 on the grounds that it is speculation and that Mr. Smurthwaite lacks personal knowledge of the awareness of the pharmaceutical industry.  Fed. R. Ev. 602.<br><br>Plaintiff objects to ¶ 17 as hearsay.  Fed. R. Ev. 801. |

-4-

|  |  |  |
|---|---|---|
|  | to Westech about its NGI. |  |
| 18. | Westech has made truthful statements in advertising its NGI, sometimes referring to its NGI as "our new NGI" or "Westech Next Generation Impactor" and sometimes using its more formal name, "Westech 7-Stage Impactor with Micro-Orifice Collector." *See* MSP Exhibits 13, 14. Westech has also accurately and fairly described the history of the NGI Consortium and its role in developing the NGI in its marketing material. | Plaintiff objects to ¶ 19 on the grounds that it is speculation and that Mr. Smurthwaite lacks personal knowledge of the history of the Consortium and the role of the Consortium in the development of the MSP NGI device. Fed. R. Ev. 602. |
| 20. | Westech's advertising claim that its NGI is "another validated instrument" is a true and accurate statement. In the pharmaceutical industry, having a "valid" instrument means that the measurements of the dimensions of its critical components comply with the EP and USP specifications. Westech is expert in validating impactors by measuring the dimensions of their critical components and provides this service to third parties. Westech validated its own NGI by measuring the dimensions of its critical components and confirming that they fall within the EP and USP specifications for NGIs, as originally approved by the NGI Consortium. Therefore, a claim that an instrument is validated relates to the dimensions of its critical components meeting the recognized standard — in the case of NGIs, the standard established by the NGI Consortium — not having each and every unit tested using actual particles, and the group targeted by Westech's advertising, the pharmaceutical industry, understands this meaning. Notwithstanding the above, Pfizer is presently engaged in testing the performance of Westech's NGI using actual particles. | Plaintiff objects to ¶ 20 on the grounds that it is speculation and that Mr. Smurthwaite lacks personal knowledge of the pharmaceutical industry's understanding of the terms "validated" and "valid" and the role of the NGI Consortium in the development of the MSP NGI device. Fed. R. Ev. 602. |

Dated: July 12, 2007                         FAEGRE & BENSON LLP

*s/ Felicia J. Boyd*
Felicia J. Boyd (# 186168)
William L. Roberts (# 212763)
Craig S. Coleman (# 325491)
Elizabeth Cowan Wright (# 387126)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Tel. No. (612) 766-7000
Fax No. (612) 766-1600

**Attorneys for Plaintiff MSP Corporation**

fb.us.2163821.01